UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL COLICCI          :
    Plaintiff            :  C.A. No.
                         :
v.                       :  JURY TRIAL DEMANDED
                         :
THE GUARDIAN LIFE INSURANCE  :
COMPANY OF AMERICA       :
    Defendant            :

# COMPLAINT

Plaintiff Michael Colicci hereby commences this action against the Defendant and alleges:

## I. JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2. Global GP LLC (hereinafter "Global") employed Plaintiff in one of its Massachusetts locations and provided Plaintiff with Short Term Disability (STD) and Long Term Disability (LTD) as a fringe benefit through his employment, and is a plan sponsor within the meaning of ERISA 29 U.S.C. § 2002(16)(B).

## II. PARTIES

3. Defendant The Guardian Life Insurance Company of America is a corporation duly organized under the laws of the State of New York, with a principal office in New York.

4. Defendant is the entity that administers the STD and LTD benefits as the "plan administrator" within the meaning of ERISA, 29 U.S.C. § 1002(16)(A) and § 1132 and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21) of ERISA.

5. Plaintiff is a resident of the state of Rhode Island and an ERISA Plan Beneficiary within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (3).

**III.     FACT ALLEGATIONS**

6. Global employed the Plaintiff full time as an Accounts Receivable Manager in one of its locations in Waltham, Massachusetts until he went out of work on medical leave on or about May 25, 2016.

7. Plaintiff initially went out of work on May 25, 2016 due to mental health issues.

8. Plaintiff's primary care physician provided an out of work note for the Plaintiff for his mental health issues for the period of time of May 25, 2016 through June 23, 2016, with an expected return date of June 23, 2016.

9. Plaintiff's primary care physician, Dr. Raja Fattaleh, further documented in Plaintiff's medical record and through completion of a medical information form that the Plaintiff was totally disabled from employment due to mental health issues from May 25, 2016 through June 23, 2016.

10. By letter dated July 13, 2016, Defendant notified Plaintiff that Defendant had approved his STD benefits through June 22, 2016.

11. At the time he went out of work due to mental health issues, Plaintiff was also suffering from back and neck conditions. Although the disabling mental health conditions Plaintiff suffered were separate from Plaintiff's back and neck conditions, the pain associated with his neck and back conditions all contributed to the Plaintiff's overall mental health issues.

12. Dr. Fattaleh continued to provide Work Certificate Notes stating that Plaintiff was unable to return to work.

13. One of said notes, dated October 15, 2016, stated that Plaintiff would be unable to return to work until January 1, 2017. Dr. Fattaleh noted that Plaintiff could not return to work due to his back and neck issues, as well as an adjustment disorder.

14. On or about December 21, 2016, Plaintiff submitted an application for LTD.

15. On or about February 9, 2017, Defendant faxed a request to Dr. Fatteleh for physical examination findings that would preclude Plaintiff from performing his occupation, and the medical evidence to support any limitations.

16. On or about Februay 21, 2017, Dr. Fatteleh provided a response stating that Plaintiff was not capable of performing a full time sedentary occupation, but did suggest a possible reduced schedule with frequent breaks based on his neurosurgeon's occupation.

17. By letter dated March 3, 2017, Defendant notified Plaintiff that it was unable to provide benefits subsequent to June 22, 2016 because, in its view, Plaintiff did not meet the policy definition of "Disabled."

18. Plaintiff then retained legal counsel, initiated an administrative appeal of Defendant's denial of benefits.

19. In support of his administrative appeal, Plaintiff submitted additional correspondence and medical records from the neurosurgeon who had treated Plaintiff for his back and neck conditions, Dr. Gregory R. Criscuolo.

20. By letter dated August 18, 2017, Dr. Criscuolo opined that Plaintiff's back and neck conditions disabled him from all employment, including sedentary occupatons
, from May 2016 forward.  He noted ". . . difficulty sustaining prolonged focus in the seated or standing position, certaining standing on hard surfaces or ambulating, any type of repetitive bending, crawling, and overhead reaching would be poorly tolerated and the lifting restriction would allow for only a 5-pound lifting limit at most."

21. Plaintiff also submitted a Consultative Examination that evaluated the Plaintiff's ability to work.  The examination process also included objective testing.

22. Said Consultative Examination noted that Plaintiff demonstrated that the pain level caused by the back and neck conditions did create moderate functional limitations in terms of his ability to concentrate, persist, and maintain work pace.

23. The Plaintiff's documentation further contained objective medical testing documenting the neck and back degeneration.

24. By letter dated February 22, 2018, Defendant denied Plaintiff's appeal.

25. At this juncture, Plaintiff has exhausted all available administrative and internal appeals offered by Defendant.

26. Plaintiff respectfully submits that he stands eligible for STD benefits through the Aetna policy, as he met the policy definition of "Disabled."

27. Defendant instead arbitrarily and capriciously disregarded objective evidence demonstrating his neck and back problems create a confluence of both physical and mental functional limitations that preclude even sedentary employment.

## COUNT I
## DENIAL OF PLAN BENEFITS 29 U.S.C. § 1132(a)(1)(B)

28. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

29. Plaintiff, at all times since June 22, 2016, has been and continues to be disabled within the meaning of the Plan, and therefore eligible to receive STD/LTD benefits thereunder

30. By correspondence dated February 22, 2018, Defendant made a final denial of Plaintiff's claim for benefits.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT II
## BREACH OF FIDUCIARY DUTY 29 U.S.C. § 1132(a)(3)

31. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

32. Defendant stands in the position of fiduciary to Plaintiff.

33. In breach of its fiduciary duties, Defendant has wrongfully failed and/or refused to appropriately pay Plaintiff monthly STD benefits pursuant to the provisions and requirements of the Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

## PRAYER FOR RELIEF

Plaintiff David Viveiros, prays that this Court grant her the following relief:

1. Declare that Plaintiff stands entitled to STD/LTD benefits under the terms of the policy;

2. Order Defendant to pay Plaintiff's STD/LTD benefits retroactive from June 22, 2016;

3. Award Plaintiff reasonable attorneys fees, litigation expenses and costs;

4. Award Plaintiff appropriate interest on all such monies; and

5. Such other and further relief as the Court deems just and proper to award Plaintiff.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
PLAINTIFF MICHAEL COLICCI
By his Attorneys,


/s/ Noelle K. Clapham
Noelle K. Clapham #5338
Vicki J. Bejma #6498 Robinson & Clapham
123 Dyer Street Suite 135
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
claphamlaw@verizon.net
vbejma@smrobinsonlaw.com